UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

D'EDWARD WEBSTER,

    Plaintiff,

v.                                       Case No. 8:18-cv-02790-T-02AAS

SCOTT FREDRICKSEN, individually,
CLIFFORD BELCHER, individually,
GEORGE SOLAKIAN, individually, and
CITY OF BROOKSVILLE, FLORIDA,

    Defendants.
_____/

## ORDER

This action concerns an alleged unlawful seizure and use of a taser by officers. The matter comes to the Court on motions to dismiss various counts in Plaintiff Webster's Second Amended Complaint, Dkt. 47, from Defendants City of Brooksville, Dkt. 51, Officer George Solakian, Dkt. 48, and Officer Clifford Belcher, Dkt. 50. Plaintiff has not responded to Defendants' motions; as such, they are deemed unopposed. *Alvarez v. Specialized Loan Servicing LLC*, No. 8:15-CV-1388-T-27AEP, 2015 WL 4609573, at *1 (M.D. Fla. July 30, 2015) (citing Local Rule 3.01(b)). The Court GRANTS the motions.

## BACKGROUND

The Second Amended Complaint's factual allegations, which the Court accepts as true on a motion to dismiss, are substantially similar to the Amended Complaint. As outlined in the Court's prior order, Dkt. 46, on August 29, 2016, Brooksville Police Officers Solakian, Belcher, and Fredricksen were looking for a suspect with an outstanding warrant in Brooksville, Florida. Dkt. 47 ¶ 13. While looking, the officers saw Plaintiff and another individual, Desmond Fagin, "standing on private property at the end of [a] driveway." *Id.* ¶ 19. The officers approached the individuals, inquired about the suspect, and asked for identification. *Id.* ¶¶ 20-21. Both Plaintiff and Fagin gave their identification to the officers. *Id.* ¶ 22.

When Fagin handed the officers his identification, "Officer Solakian grabbed his arm and started asking about weed." *Id.* ¶ 23. Officer Fredricksen unholstered his taser and, "emboldened by Fredricksen's show of force, Officer Solakian slammed Mr. Fagin into the ground." *Id.* ¶¶ 25-26. Plaintiff then "backed up and turned around in fear" before Officer Fredricksen discharged his taser on Plaintiff. *Id.* ¶¶ 29-30. Plaintiff alleges a variety of resulting injuries and damages. *Id.* ¶ 37.

Plaintiff raises seven claims in his Second Amended Complaint: (1) Fourth Amendment violations under 42 U.S.C. § 1983 against Defendant Fredricksen for

"illegal stop or arrest claim based on lack of probable cause" or, in the alternative, "the discrete claim of excessive force"[1]; (2) "illegal stop or arrest claim based on lack of probable cause against Defendant Solakian and failure to intervene"; (3) failure to intervene in illegal stop or arrest against Defendant Belcher; (4) a § 1983 claim against Brooksville; and (5)-(7) "supplemental state claims against [the officers] based on respondeat superior of City of Brooksville." Dkt. 47 at 6-12. Defendants have filed motions to dismiss to which Plaintiff did not respond.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted).

Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). Courts may also consider documents attached to a

---

[1] In the Eleventh Circuit, "a claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim," and "a claim for excessive force during a legal stop or arrest is a discrete claim." *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000).

3

motion to dismiss if they are (1) central to the plaintiff's claim; and (2) undisputed or, in other words, the "authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).

## DISCUSSION

The Court grants Defendants' motion and will address them in turn.

I.   <u>Defendant Solakian: Count II</u>

Defendant Solakian moves to dismiss Count II in which Plaintiff merely alleges that "Officer Solakian illegally detained or seized [Plaintiff] without a warrant or probable cause when he slammed Mr. Fagin into the ground." Dkt. 47 at 7. Putting aside the inconsistencies between the Amended Complaint and Second Amended Complaint, *compare* Dkt. 27 ¶¶ 43-46 *with* Dkt. 47 ¶¶ 26-30, there are once more problems with Plaintiff's claims.

Most fundamentally, probable cause or a warrant is not a requirement to detain a suspect—reasonable suspicion is. *See Terry v. Ohio*, 392 U.S. 1 (1968). Secondly, though the Court in its prior order noted that Solakian tackling Fagin might be relevant to the question of whether a reasonable person in Plaintiff's shoes would feel free to leave, Dkt. 46 at 5, this barebones allegation is by itself insufficient to establish a § 1983 claim against Solakian for an illegal detention or seizure of Plaintiff.

As for the failure to intervene claim, though Plaintiff titles Count II as "illegal stop or arrest claim based on lack of probable cause against Defendant Solakian and failure to intervene," there are simply no allegations relevant to failure to intervene pleaded in the count. Dkt. 47 at 7.

In terms of the claim's merits, Plaintiff alleges that "Officers Belcher and Solakian were present when Officer Fredricksen unholstered his Taser and pointed it at [Plaintiff] and both knew that Fredricksen was violating [Plaintiff's] constitutional rights; further, Belcher and Solakian were in a position where they had sufficient time to intervene and prevent Officer Fredricksen's use of excessive force, but they failed to do so." Dkt. 47 ¶ 35; *see also Montanez v. Celaya*, 49 F. Supp. 3d 1010, 1021 (M.D. Fla. 2014) (citing *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924-25 (11th Cir. 2000) (finding an officer has a duty to intervene if "(1) he is in a position to do so and (2) refuses to do so.").

But it is still not clear from Plaintiff's allegations whether Solakian or Belcher were able to intervene. Though they may have seen Fredricksen unholster the taser, this alone cannot constitute excessive force. And there is no indication, based on the allegations, that either officer would or should have known that Fredricksen would fire the taser unprompted.

In this vein, courts have drawn a line between cases of extended police conduct and an isolated incident. In *Montanez*, for example, officers allegedly beat

5

the plaintiff, including kneeing, punching, and kicking. 49 F. Supp. 3d at 1021. In finding that the plaintiff stated a claim for failure to intervene, the court distinguished *Hadley v. Gutierrez,* 526 F.3d 1324 (11th Cir. 2008) where, by contrast, an officer had "delivered a single unprovoked blow to [the plaintiff]" and there was no indication that another officer "could have anticipated and then stopped [the attacking officer] from punching" the plaintiff. *Id.* at 1020-21 (citations omitted).

The use of the taser here, as alleged, seems similarly unprovoked and unpredictable, and Plaintiff's allegations do not establish that Defendant Solakian could have anticipated any excessive force. Count II is dismissed with leave to amend.[2]

## II. Defendant Belcher: Count III

Defendant Belcher moves to dismiss Count III which merely alleges that "Officer Belcher had a sufficient time to intervene to prevent the violation of

---

[2] Defendant Solakian also argues that:

> as there have been no allegations that the actions of Defendant Solakian were committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property and taking the allegations in a light most favorable to the Plaintiff, Count II must fail as the Plaintiff already has a claim (Count VII) against the agency for Defendant Solakian's actions committed while in the course and scope of his lawful duties as an employee of the City of Brooksville.

Dkt. 48 at 6. But such allegations are relevant to the question of immunity for state law claims like battery, not a § 1983 claim.

[Plaintiff's] constitutional rights, but Officer Belcher failed to do so." Dkt. 47 ¶ 53. His arguments are similar to Defendant Solakian's. Dkt. 50. In light of the above, the Court also dismisses Count III with leave to amend.

    III.    <u>City of Brooksville: Counts V, VI, and VII</u>

The City moves to dismiss Plaintiff's supplemental state law claims. Dkt. 51. Counts V through VII are titled "supplemental state claims against [the officers] based on respondeat superior of City of Brooksville." Dkt. 47 at 10-12. It is incongruous to bring a claim against an officer in his individual capacity for the actions of the City; Plaintiff should instead style the claims as against the City of Brooksville. There is, moreover, no mention of what state law claims Plaintiff seeks to bring.

Furthermore, in support of the claims Plaintiff sparsely alleges that the officers "arrested or seized [Plaintiff] without a warrant" and "intentionally [used a taser against Plaintiff] against his will." Dkt. 47 ¶¶ 74-75, 80, 85. But these allegations are insufficient to make out a claim. It is not, by itself, unlawful to arrest or seize an individual without a warrant. Nor is it necessarily unlawful to intentionally use a taser against a nonconsenting individual.

Counts V, VI, and VII are dismissed with leave to amend.

## CONCLUSION

The Court **GRANTS** Defendants' motions to dismiss. Dkt. 48, 50-51. Counts II, III, V, VI, and VII of Plaintiff's Second Amended Complaint are dismissed without prejudice. Dkt. 47. Plaintiff has fourteen (14) days from the date of this order to refile consistent with the above.

**DONE AND ORDERED** at Tampa, Florida, on June 21, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record