**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

D'EDWARD WEBSTER,

    Plaintiff,

v.                                               Case No. 8:18-cv-02790-T-02AAS

SCOTT FREDRICKSEN, individually,
CLIFFORD BELCHER, individually,
GEORGE SOLAKIAN, individually, and
CITY OF BROOKSVILLE, FLORIDA,

    Defendants.
_____/

## **ORDER**

This action concerns an alleged unlawful seizure and use of a taser by officers. The matter comes to the Court on motions to dismiss and strike various counts of Plaintiff Webster's Third Amended Complaint. Dkt. 55. Before the Court are motions by Defendants City of Brooksville, Dkt. 65; Officer George Solakian, Dkt. 58; and Officer Clifford Belcher, Dkt. 57. Plaintiff filed responses in opposition to Officer Solakian's motion, Dkt. 61; Officer Clifford Belcher's motion, Dkt. 60; and City of Brooksville's motion, Dkt. 71. The Court grants the motions without prejudice.

## BACKGROUND

The factual allegations of the Third Amended Complaint must be accepted as true at this stage of the proceedings. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Further, Plaintiff's counsel certifies these facts as true in good faith under Fed. R. Civ. P. 11 by signing the pleading. The Third Amended Complaint's factual allegations are substantially similar to the Second Amended Complaint. As outlined in the Court's prior orders, Dkts. 46 & 53, on August 29, 2016, Brooksville Police Officers Solakian, Belcher, and Fredricksen were looking for a suspect with an outstanding warrant in Brooksville, Florida. Dkt. 55 ¶ 13. While looking, the officers saw Plaintiff and another individual, Desmond Fagin ("Fagin"), "standing on private property at the end of the driveway of 716 Hazel Avenue." *Id.* ¶ 28. The officers approached the individuals, inquired about the suspect, and asked for identification. *Id.* ¶¶ 29-30. Both Plaintiff and Fagin gave their identification to the officers. *Id.* ¶ 31.

When Fagin handed the officers his identification, "Officer Solakian grabbed his arm and started asking about weed." *Id.* ¶ 32. Officer Fredricksen unholstered his taser and, "emboldened by Fredricksen's show of force, Officer Solakian slammed Mr. Fagin into the ground." *Id.* ¶¶ 34 & 38. "Plaintiff then backed up and turned around in fear" before Officer Fredricksen discharged his

taser on Plaintiff. *Id.* ¶¶ 39-40. Plaintiff alleges a variety of resulting injuries and damages. *Id.* ¶¶ 41-42.

Plaintiff raises eight claims in his Third Amended Complaint: (1) Fourth Amendment violations under 42 U.S.C. § 1983 against Defendant Fredricksen for "illegal stop or arrest claim based on lack of probable cause" or, in the alternative, "the discrete claim of excessive force"[1]; (2) "illegal stop, detention or arrest claim against Defendant Solakian and a failure to intervene"; (3) "failure to intervene against Defendant Belcher"; (4) § 1983 claim against City of Brooksville; (5) "supplemental state claim for false arrest against defendant, City of Brooksville"; (6) "supplemental state claim for battery or excessive force against defendant, City of Brooksville"; (7) "supplemental state claim for false arrest against defendant, City of Brooksville"; and (8) "supplemental state claim against defendant, City of Brooksville[.]" *Id.* Defendants filed various motions to dismiss to which Plaintiff responded. Dkts. 55, 57, 58, 60, 61, 65, 71.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556

---

[1] In the Eleventh Circuit, "a claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim." *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000). As to a legal stop or arrest, "a claim for excessive force during a legal stop or arrest is a discrete claim." *Id.*

3

U.S. 662, 678 (2009) (citation omitted). In considering the motion, the court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted).

Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). Courts may also consider documents attached to a motion to dismiss if they are (1) central to the plaintiff's claim; and (2) undisputed or, in other words, the "authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).

## DISCUSSION

The Court grants Defendants' motions and will address them in turn.

I. <u>Defendant Solakian: Count II</u>

Count II must be replead. It claims that when Solakian tackled or "slammed to the ground" Plaintiff's associate Fagin, Solakian effected an arrest of Plaintiff by proxy. The Count also contains an allegation of Solakian's failure to intervene in Fredricksen's tasering of Plaintiff. The Count is thus duplicitous, and the first ground (arrest by proxy) is borderline specious.

4

The claims brought here are intentional torts. Fagin is not a party. If Plaintiff is contending that by tackling Fagin to the ground that Solakian had an intent to illegally arrest Webster, that unusual theory needs to be fully explained and not just assumed.

Further, it is not clear from Plaintiff's allegations whether Solakian or Belcher were able to intervene. Though they may have seen Fredricksen unholster the taser, this alone cannot constitute excessive force. The allegations that the officers had been on "similar type patrols" and knew of his prior taser use, are not enough, because, at a minimum, there is no indication any of Fredricksen's prior taser use was wrongful. Dkt. 55 ¶¶ 15 & 67. Further, there is no indication, based on the allegations, that either officer would or should have known that Fredricksen would fire the taser unprompted. The prior taser use alleged does not provide any details as to the circumstances in which the taser was used. As alleged, the taser use here appears to be more like the "single unprovoked blow" in *Hadley* and the other officers could not have anticipated or prevented it. *Hadley v. Gutierrez*, 526 F.3d 1324, 1330-31 (11th Cir. 2008). Therefore, Count II is dismissed with leave to amend.

II. <u>Defendant Belcher: Count III</u>

Defendant Belcher moves to dismiss Count III which alleges that "Officer Belcher had a sufficient time to intervene to prevent the violation of Plaintiff's

5

constitutional rights, knew or should have known that Officer Fredricksen was going to tase Plaintiff, was able to intervene, but Officer Belcher failed to do so." Dkt. 55 ¶ 81. Defendant Belcher argues that Plaintiff's allegations about how much time there was to intervene and whether the use of the taser could have been anticipated are vague and conclusory. Dkt. 57 at 4-5. In any event, the additional allegations against Defendant Belcher are virtually identical to those against Defendant Solakian. As such, Count III is dismissed with leave to amend for the reasons described in Count II.

    III.    <u>City of Brooksville: Counts IV, VII, and VIII</u>

The City of Brooksville moves to dismiss Plaintiff's § 1983 claim. Dkt. 65. Plaintiff alleges that "the Brooksville Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Brooksville which caused the violation of Plaintiff's rights." Dkt. 55 ¶ 83.

To prevail under *Monell*, Plaintiff must show that (1) his constitutional rights were violated, (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right, and (3) the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citations omitted). Even assuming Plaintiff's constitutional rights were violated, the Complaint lacks nonconclusory allegations of a custom or policy constituting

6

deliberate indifference to Fourth Amendment rights. To "demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *Id.* at 1290 (internal quotation marks and citations omitted).

The Complaint alleges Fredricksen used the taser "over a hundred times in the year preceding this incident" and "eight times during August of 2016 prior to this incident[.]" Dkt. 55 ¶¶ 89-90. However, there are no allegations this use was wrongful, only that Fredricksen "was not subject to any disciplinary actions following an investigation into the circumstances of the taser discharges." *Id.* ¶ 89. This unsubstantiated history of one individual is insufficient to satisfy *Monell*.

Plaintiff further alleges that "[m]any, if not all, of the City of Brooksville police officers were armed with tasers and discharged them in the year preceding this incident" and "not even one officer was subject to any disciplinary action following an investigation[.]" Dkt. 55 ¶¶ 87-88. However, Plaintiff does not allege that any of this use was wrongful. Instead, Plaintiff alleges that it was wrongful against him and, therefore, implies a problem with all the investigations. *Id.* ¶¶ 95-96. These claims, along with the allegation of "rubber-stamp[ed] investigations" are not enough for Plaintiff to establish that the city had a wrongful, actionable policy or custom that caused the Plaintiff's injuries. *Id.* ¶ 85.

Also, the City of Brooksville moves to dismiss Plaintiff's supplemental state law claims. Dkt. 65. The Plaintiff's allegations in the Third Amended Complaint

7

are insufficient to make out a claim. Expanding upon the Second Amended Complaint, Plaintiff added in the Third Amended Complaint legal conclusions like Defendants Solakian and Belcher were "acting with the scope of [their] employment" and "the actions by the officers were unreasonable and unwarranted under the circumstances", which are insufficient to make out a claim. Dkt. 55 ¶¶ 120-121, 128-129. It is not, by itself, unlawful to arrest or seize an individual without a warrant and the Plaintiff's added allegations constitute legal conclusions and not real fact allegations that the Court can consider.

Counts IV, VII, and VIII are dismissed with leave to amend. The motion to strike ¶¶ 97 & 98 is moot because it is contained within Count IV.

## CONCLUSION

The Court **GRANTS** Defendants' motions to dismiss. Dkts. 57-58, 65. Counts II, III, IV, VII, and VIII of Plaintiff's Third Amended Complaint are dismissed without prejudice. Dkt. 55. The motion to strike ¶¶ 97 & 98 is moot. Dkt. 65. Plaintiff has fourteen (14) days from the date of this order to refile consistent with the above.

**DONE AND ORDERED** at Tampa, Florida, on August 21, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record