UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

D'EDWARD WEBSTER,

    Plaintiff,

v.                                      Case No. 8:18-cv-02790-T-02AAS

SCOTT FREDRICKSEN, individually,
CLIFFORD BELCHER, individually, and
GEORGE SOLAKIAN, individually,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant Clifford Belcher's, Dkt. 78, and Defendant George Solakian's, Dkt. 77, motions to dismiss Plaintiff's Fourth Amended Complaint, Dkt. 75. Defendant Belcher moved to dismiss Count IV and Defendant Solakian moved to dismiss Counts II and III. Dkts. 77 & 78. Plaintiff, D'Edward Webster, responded to these motions. Dkts. 81 & 82. After review the Court grants in part and denies in part Defendants' motions.

## BACKGROUND

The Court has discussed the factual background of this case at length in its prior orders. Dkts. 46, 53, 72. As such, the Court will only briefly review the facts as alleged by Plaintiff. On August 29, 2016, Brooksville Police Officers Solakian, Fredricksen, and Belcher went to exercise an outstanding warrant for Greg Smith

who lived at 721 Hazel Avenue. Dkt. 75 ¶¶ 13 & 21. Defendants did not drive to the residence and instead parked a block away and cut through the yard of the residence at 720 Hazel Avenue. *Id.* ¶¶ 22 & 23. Defendants then approached Plaintiff and Desmond Fagin and asked for their identification. *Id.* ¶¶ 28–29, 31. When Mr. Fagin handed Defendant Solakian his identification Defendant Solakian "grabbed his arm and started asking about weed." *Id.* ¶ 32. Defendant Fredricksen unholstered his taser. *Id.* ¶ 34. At which point Defendant Solakian "slammed Mr. Fagin into the ground." *Id.* ¶ 38. Plaintiff "backed up and turned around in fear." *Id.* ¶ 39. Then Defendant Fredricksen tased Plaintiff. *Id.* ¶ 40.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the motion, the court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted).

Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). Courts may also consider documents attached to a motion to dismiss if they are (1) central to the plaintiff's claim; and (2) undisputed

or, in other words, the "authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).

## DISCUSSION

The Court grants Defendant Solakian's motion for Count II and denies the motion for Count III. As this is the Fourth Amended Complaint, the Court finds that any further amendments would be futile and dismisses Count II with prejudice. The Court denies Defendant Belcher's motion for Count IV.

I. <u>Count II: Illegal Stop Detention or Arrest against Defendant Solakian</u>

Plaintiff provided no case law to support his novel theory of illegal detention by Defendant Solakian. After an independent review, the Court finds no support for Plaintiff's claim that force used against Mr. Fagin constitutes a seizure of Plaintiff. In *Hodari D*, the Supreme Court held that "[a]n arrest requires *either* physical force [against the defendant] *or*, where that is absent, *submission* to the assertion of authority." *California v. Hodari D.*, 499 U.S. 621, 626 (1991) (emphasis in original). Here, Defendant Solakian exerted no physical force against Plaintiff and, as pled, does not even appear to have been addressing Plaintiff. Instead, all of Defendant Solakian's actions were directed at Mr. Fagin, who is not a party to this case.

Alternatively, Plaintiff could be seized by submitting to a show of force. In *Hodari D*, the Supreme Court clearly stated that whether a reasonable person

3

would feel free to leave is a "necessary, but not a sufficient, condition for seizure . . . effected through a show of authority." *Id.* at 628 (internal quotations omitted). *See also Brendlin v. California*, 551 U.S. 249, 254–55 (2007) ("A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned."); *United States v. Dolomon*, 569 F. App'x 889, 892 (11th Cir. 2014) ("Absent the use of physical force, a seizure requires both a show of authority and submission to [that] assertion of authority. An attempted seizure, without actual submission, is not a seizure for Fourth Amendment purposes.") (internal citation omitted).

Regardless of whether a reasonable person in Plaintiff's position would have felt free to terminate the encounter, Plaintiff did not submit after Defendant Solakian "slammed Mr. Fagin into the ground." Dkt. 75 ¶ 38. Instead he "backed up and turned around . . . ." *Id.* ¶ 39. This means, as Plaintiff has alleged, Plaintiff was not seized when Defendant Solakian "slammed" Mr. Fagin. Further the Supreme Court has stated, "[t]he arrest of one person does not mean that everyone around him has been seized by police." *United States v. Drayton*, 536 U.S. 194, 206 (2002). This shows a disinclination of the court to allow claims by a plaintiff based on an officer's actions against a third party. While the Court acknowledges what occurred to Mr. Fagin was more than a mere arrest and Defendant Solakian's

actions would impact whether a reasonable person would feel free to leave, it is unnecessary to determine whether this would constitute a seizure if Plaintiff had submitted because Plaintiff did not submit. Therefore, Count II is dismissed.

II. <u>Count III and IV: Failure to Intervene against Defendant Solakian and Defendant Belcher</u>

Plaintiff alleges that Defendant Solakian (Count III) and Defendant Belcher (Count IV) failed to intervene when Defendant Fredricksen used excessive force on him. Dkt. 75. The standard for failure to intervene is well established in the Eleventh Circuit: "An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) (internal quotation omitted). "But it must also be true that the non-intervening officer was in a position to intervene yet failed to do so." *Id.* at 1331.

Plaintiff alleges Defendant Fredricksen's past taser use put the other Defendants on notice that he would use his taser on Plaintiff. Dkt. 75 ¶¶ 18, 19, 35. Plaintiff alleges that Defendants Solakian and Belcher knew or should have known about Defendant Fredricksen's propensity to discharge his taser unprovoked because of their prior experience on patrols with him and their knowledge of the number of times he discharged that weapon. *Id.* ¶ 35. Plaintiff specifically alleges that their knowledge of Defendant Fredricksen included that he had a reputation

for using his taser instead of physically subduing a suspect because of his weight. *Id.* ¶¶ 87 & 104.

Plaintiff further alleges that Defendants "Solakian and Belcher were in a position to see Officer Fredricksen draw his taser but neither did anything to caution Officer Fredricksen or prevent him from using the taser." *Id.* ¶ 36. This combined with the allegation that "Officer Fredricksen unholstered his taser and pointed it at Plaintiff" suggests, taking the facts in the light most favorable to Plaintiff, a timeline in which Defendants Solakian and Belcher may have been in a position to intervene and failed to do so. In any event, these Counts satisfy the low bar of notice pleading. As such, at this stage, the Court denies Defendants' motions to dismiss as they relate to Counts III and IV. These factual disputes may be developed through discovery.

## CONCLUSION

The Court grants with prejudice Defendant Solakian's motion to dismiss as it relates to Count II; and denies the motion as it relates to Count III. Dkt. 77. The Court denies Defendant Belcher's motion. Dkt. 78. The case will proceed on Counts I, III, and IV of Plaintiff's Fourth Amended Complaint. Dkt. 75.

**DONE AND ORDERED** at Tampa, Florida, on November 22, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

6